**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    5:23-cv-00784-FWS-AJR | Date:  February 8, 2024 |
| | Page 1 of 4 |

Title:    Manuel Panduro v. James Hill, et al.

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY PLAINTIFF'S OFFICIAL CAPACITY AND INJUCTIVE RELIEF CLAIMS SHOULD NOT BE DISMISSED**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On May 2, 2023, *pro se* Plaintiff Manuel Panduro ("Plaintiff"), an inmate then in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Ironwood, Delano ("ISP"), filed a Complaint under 42 U.S.C. § 1983 against the warden and several correctional officers at the California Institution for Men ("CIM").  (Dkt. 1 "Complaint".)  On June 12, 2023, Plaintiff's complaint was dismissed with leave to amend for various pleading deficiencies.  (Dkt. 9.)  On July 10, 2023, Plaintiff filed a First Amended Complaint ("FAC") which was dismissed with leave to amend on September 12, 2023.  (Dkts.  11 & 15.)  On December 18, 2023, Plaintiff filed a Second Amended Complaint ("SAC") which was dismissed with leave to amend on December 27, 2023.  (Dkts. 22 & 23.)  On January 29, 2024 Plaintiff filed a Third Amended Complaint ("TAC") (1) James Hill, Warden, and correctional officers (2) B. Colon; (3) E. Guzman and (4) E. Solorio; in their individual and official capacities ("Defendants").  (Dkt. 25 at 7-

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    5:23-cv-00784-FWS-AJR | Date:  February 8, 2024 |
| | Page 2 of 4 |

Title:     Manuel Panduro v. James Hill, et al.

8.) Plaintiff's TAC makes similar allegations to the SAC.  The TAC seeks monetary damages and injunctive relief.  (Id. at 17.)

## I.    DISCUSSION

### A.    Plaintiff Lacks Standing to Request Prospective or Injunctive Relief.

Plaintiff's TAC, like the SAC and the FAC, seeks injunctive relief against the defendants.  (Dkt. 25 at 17 "PRAYER FOR RELIEF: 1. For an order enjoining the named-Defendants from engaging in the unlawful conduct alleged in the Complaint.")  However, Plaintiff no longer resides at the California Institution for Men where the defendants work.  (Id. at 1.)  Plaintiff resides at CDCR's Correctional Training Facility in Soledad, CA.  (Id.)  As the Court explained in its previous dismissal orders, because Plaintiff is no longer housed at the California Institution for Men, he lacks standing to seek prospective or injunctive relief against the Defendants.  See Dilley v. Gunn, 64 F.3d 1365, 1369 (9th Cir. 1994) ("Because Plaintiff is no longer housed at the institution where many of the alleged violation occurred, he may not sue to enjoin those violations specific to [that institution] from recurring in the future."); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007); Wiley v. Kern Cty. Sheriff, 2018 WL 1709980, *9 (E.D. Cal. Apr. 6, 2018) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin) (citing Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012)).  Accordingly, Plaintiff's claims for injunctive relief appear to be subject to dismissal.

### B.    Plaintiff's Official Capacity Claims Appear Barred.

Because Plaintiff lacks standing for injunctive relief, as detailed above, he may only bring claims against the Defendants for monetary damages.  However, Plaintiff's claims for monetary damages against the defendants in their official capacities are barred by Eleventh Amendment immunity.  The Eleventh Amendment to the United States Constitution sets out the principle of State sovereign immunity, providing as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    5:23-cv-00784-FWS-AJR | Date: February 8, 2024 |
| | Page 3 of 4 |

Title:     Manuel Panduro v. James Hill, et al.

Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

In other words, "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Kentucky v. Graham, 473 U.S. 159, 160 (1985) ("[A]bsent a waiver by the state or a valid congressional override, the Eleventh Amendment bars a damages action against a state in federal court."). The Eleventh Amendment applies to state agencies like CDCR. See Lucas v. Dep't. of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (holding that claims against CDCR were barred by Eleventh Amendment immunity).

The TAC names all defendants in their individual and official capacities. (Dkt. 25 at 6.)  Because Defendants' employer, CDCR, is a state-run institution, Plaintiff's claims against Defendants in their official capacities are effectively claims against the State of California.  See Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) ("[A] suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.") (citation omitted).  Thus, Plaintiff's claims seeking monetary damages from the Defendants in their official capacities (*i.e.*, from CDCR), appear barred by Eleventh Amendment immunity and therefore are subject to dismissal.

**II.     DISPOSITION**

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why his official capacity and injunctive relief claims should not be dismissed.  On or before **February 29, 2024**, Plaintiff shall file a response to this Order.  If Plaintiff fails to timely respond to this Order, this action may be dismissed for failure to obey court orders and/or failure to prosecute.  If Plaintiff no longer wishes to pursue his official capacity claims against the Defendants, he may voluntarily dismiss those claims by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1) and writing in the names of those defendants he wishes to dismiss plus the words "official capacity only" (*i.e.,* Defendant Name, official capacity only).  A form Notice of Dismissal is attached for Plaintiff's convenience.  Similarly if Plaintiff no longer wishes to pursue his request for

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.    5:23-cv-00784-FWS-AJR                              Date:  February 8, 2024
                                                                                   Page 4 of 4

Title:         <u>Manuel Panduro v. James Hill, et al.</u>

injunctive relief, he may remove that request for relief from his TAC by filing a Notice of Dismissal and writing in that he wishes to no longer pursue his request for injunctive relief in the Third Amended Complaint.

     IT IS SO ORDERED.

<u>Attachment:</u>
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).